IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTINA CAROLINE OCHOA** )
)
       **Plaintiff** )
) **CIVIL ACTION**
      vs. )
) No. 25-1180-JWL
**FRANK BISIGNANO,** )
**Commissioner of Social Security,** )
       **Defendant.** )
_____)

**ORDER**

Plaintiff filed an application for leave to file action without payment of fees, costs or security. (Doc. 3). 28 U.S.C. § 1915(a), states:

> . . .any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding. . . without prepayment of fees or security therefor, by a person who submits an affidavit. . . that the person is unable to pay such fees or give security therefor.

The court has reviewed Plaintiff's filing and finds that she has not completed her Affidavit of Financial Status sufficiently to demonstrate she lacks the financial resources to pay the filing fee in this case and is therefore ambiguous whether granting permission to proceed in forma pauperis is warranted.

Proceeding in forma pauperis in a civil case is a privilege which is within the court's discretion to grant or deny. White v. Colorado, 157 F.3d 1226, 1233 (10th Cir.

1998) ("a privilege not a right-fundamental or otherwise"); Cabrera v. Horgas, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999) (within sound discretion of trial court), cert. denied, 531 U.S. 832 (2000). Denial, however, must not be arbitrary or based on erroneous grounds. Buggs v. Riverside Hosp., No. 97-1088-WEB, 1997 WL 321289, at *8 (D. Kan. Apr. 9, 1997). A court in this district has held that where discretionary income is sufficient to pay the filing fee, even in a case where total expenses exceed total income, denial of an in forma pauperis motion is appropriate. Scherer v. Merck & Co., Civ. A. No. 05-2019-CM, 2006 WL 2524149 at *1 (D. Kan. Aug. 24, 2006) (total expenses exceeded income by $90.00 per month).

The Scherer court cited Brewer v. Overland Park Police Dep't, 24 Fed. App'x. 977, 979 (10th Cir. 2002) as authority requiring it to consider "the nature of the mandatory and discretionary demands on the applicant's financial resources," in deciding an in forma pauperis (IFP) motion. Scherer, 2006 WL 2524149 at *1. In Brewer, the court denied plaintiff's motion because his monthly income exceeded monthly expenses by "a few hundred dollars." 24 Fed. App'x. at 979.

Here, Plaintiff's Affidavit asserts she has a domestic partner, Keith Allen Helvey, who is dependent upon her for support and she reports one of the automobiles reported on the affidavit is registered in the names of both him and her, but she does not include him in the income, expenses, cash on hand, or other financial assets recorded in the affidavit. Apparently, Mr. Helvey and Ms. Ochoa, as domestic partners, are a household unit and the Affidavit of Financial Status must reflect that reality. Every question regarding

"spouse" in the affidavit must be completed to reflect Mr. Helvey. If Ms. Ochoa prefers, she may strike out "spouse" and write in "domestic partner" where "spouse" appears. Moreover, for every question in the affidavit to which the answer is not obvious on its face, an answer <u>must</u> be provided, or "N/A" must be inserted to indicate it is not applicable.

As the <u>Brewer</u> court recognized, an IFP motion should not be denied merely because the applicant "is not 'absolutely destitute.'" <u>Brewer</u>, 24 Fed. App'x. at 979 (quoting <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 339-40 (1948)). However, Plaintiff must complete her affidavit to preclude ambiguities in her Motion for <u>In Forma Pauperis</u> and supporting affidavit.

If appropriate, Plaintiff may file another IFP motion with a properly completed "Affidavit of Financial Status" no later than September 8, 2025. If Plaintiff does not desire to submit an amended affidavit, she may pay the filing fee in this case no later than September 19, 2025.

**IT IS THEREFORE ORDERED** that Plaintiff's motion (Doc. 3) is DENIED without prejudice to refiling no later than September 8, 2025. Plaintiff may either file a properly completed affidavit of financial status and a renewed motion for leave to proceed <u>in forma pauperis</u> no later than September 8, 2025, or pay the filing fee in this case no later than September 19, 2025.

A copy of this order shall be delivered to Plaintiff by regular mail.

Dated at Kansas City, Kansas August 19, 2025.

                                         s:/ John W. Lungstrum
                                         **John W. Lungstrum**
                                         **United States District Judge**