IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRISTINA CAROLINE OCHOA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | No. 25-1180-JWL |
| **FRANK BISIGNANO,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's "Motion to Appoint Counsel" (Doc. 4), filed contemporaneously with her complaint in this case. In her complaint, Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of a decision of the Commissioner of the Social Security Administration denying benefits. (Doc. 1). Plaintiff also filed, and the court granted, a "Motion for Leave to Proceed In Forma Pauperis." (Doc. 7).

Unlike a criminal case, a party in a civil case has no constitutional right to appointment of counsel. Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989). Pursuant to 28 U.S.C. § 1915(e), the court may in its discretion appoint counsel in a civil action to represent a person proceeding in forma pauperis who is unable to afford counsel. See Miller v. Glanz, 948 F.2d 1562, 1572 (10th Cir. 1991); 28 U.S.C. § 1915(e) ("The court may request an attorney to represent any person unable to afford

counsel."); see also Ekis v. Comm'r of Soc. Sec., Civ. A. No. 96-2418-JWL, 1996 WL 633850 (D. Kan. Oct. 28, 1996) (applying 28 U.S.C. § 1915(e) in a Social Security case).

In determining whether to appoint counsel, the district court should give careful consideration to all the circumstances, including whether the plaintiff has a colorable claim. Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004); Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). As the court in Hill noted, "'The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel.' McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985). 'Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned.' Id. at 839" (a prisoner with multiple sclerosis, diminished eyesight, hearing, and ability to communicate who attended court in a wheelchair and needed to present complex medical issues requiring expert opinion should have been appointed counsel).

If the court finds that the plaintiff has a colorable claim, the court should "consider the nature of the factual issues raised in the claims and ability of the plaintiff to investigate the crucial facts." Rucks, 57 F.3d at 979. The court should consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present her claims, and (4) the complexity of the legal issues raised by the claims. Id.; Hill, 393 F.3d at 1115; Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991) (citing Maclin v. Freake, 650 F.2d 885, 886 (7th Cir. 1981)). The court will also consider whether the plaintiff has made a

2

diligent attempt to secure counsel through her own efforts.   Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1420 (10th Cir. 1992) (applying the rule in a Title VII case pursuant to 42 U.S.C. § 2000e-5(f)(1)).

Since this case is a review of the Commissioner's decision on Plaintiff's application for benefits pursuant to the Social Security Act, the court is unable to determine whether Plaintiff's claim is colorable, and unable to consider the factors enumerated above until the Commissioner answers the complaint and files the administrative record herein.

Therefore, Plaintiff's motion is denied at this time without prejudice to refile if plaintiff continues to desire counsel, after the Commissioner files his answer along with the administrative record pursuant to D. Kan. Rule 83.7.1.

The court is aware that attorneys who practice Social Security appeals before this court do not charge a fee for services rendered unless the appeal is successful and benefits are ultimately awarded.   In such a case, attorney fees are limited by the Social Security Act to twenty-five percent of past-due benefits.   Therefore, it is possible plaintiff may secure the services of an attorney even after filing her complaint pro se. Moreover, Plaintiff reports that she has sought representation from six law firms who regularly handle Social Security disability cases.   (Doc. 4).   Plaintiff notes that she contacted these firms but does not explain how she conferred with them.   Nevertheless, the fact these firms declined to represent her may indicate her claim may be colorable but with little merit.

**IT IS THEREFORE ORDERED that** Plaintiff's Motion to Appoint Counsel (Doc. 4) is denied without prejudice to refile, after the Commissioner files his answer along with the administrative record in this case.

A copy of this order shall be delivered to Plaintiff by regular mail.

Dated September 11, 2025, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**